# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. WOHL,<br><br>                Plaintiff,<br><br>    v.<br><br>GRAY DAVIS, et al.,<br><br>                Defendants. | CASE NO. 1:03-cv-06921-LJO-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Doc. 13, 15)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Steven J. Wohl ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 1, 2009, Plaintiff filed a motion for a temporary restraining order. (Doc. #13.) On August 25, 2009, Plaintiff filed a motion for "emergency review, ruling and decision" of his motion for a temporary restraining order. (Doc. #15.)

Plaintiff claims that he suffers from serious injuries due to a serious car accident. Plaintiff has limited mobility and cannot stand or sit for long periods of time or lift heavy objects. Consequently, Plaintiff claims that he is unable to participate in prison work assignments. Plaintiff complains that prison officials nonetheless force Plaintiff to participate in work assignments where he is required to sit uncomfortably for long periods of time. Plaintiff received a rules violation when he was unable to participate in his work assignment due to his injuries. As a result, Plaintiff was was temporarily placed on "disciplinary C-Status." When Plaintiff was released from C-Status on September 10, 2008, Plaintiff was told that he was assigned to a "support services assignment." Plaintiff complains that he will be required to perform tasks that he is physically unable to do at his support services assignment, such as picking up garbage, sweeping and mopping, and emptying

1

garbage cans. Plaintiff also complains that prison officials have a policy of handcuffing Plaintiff behind the back, which causes severe pain due to his injuries. Plaintiff alleges that prison officials refuse to renew Plaintiff's chrono that mandated that he only be handcuffed in front of his body.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

The only relief that Plaintiff specifically requests is for an order from the Court prohibiting prison officials from handcuffing Plaintiff behind his back. Although Plaintiff complains about other issues, such as his new support services assignment, risk of future rules violations, appeals coordinators ignoring his requests for accommodation, and inability to receive medical care, Plaintiff has not identified or requested any specific form of relief from the Court with respect to those issues. In order to receive injunctive relief, Plaintiff must identify what he is requesting to do and must demonstrate that the relief he requests will prevent future irreparable injury. Plaintiff cannot simply

2

1 | make a vague request for a "temporary restraining order" and expect the Court to determine the appropriate form of relief.

Further, Plaintiff's motion fails to address three of the four prerequisites for preliminary injunctive relief. Plaintiff claims that he will suffer irreparable injury in the future from prison officials who cuff him behind the back for extended periods of time. However, Plaintiff presents no arguments or evidence establishing that he is likely to succeed on the merits of his lawsuit. Plaintiff presents no argument with respect to the balance of equities or that an injunction is in the public's interest.

With respect to Plaintiff's likelihood of success on the merits of his claim, the Court notes that Plaintiff's complaint was dismissed for failing to state any claims. (Doc. #9.) This action is currently pending screening of Plaintiff's amended complaint. In the absence of any argument or evidence, the Court cannot make the finding that Plaintiff is likely to succeed on the merits of his claims.

Plaintiff does not establish that the balance of equities are in his favor. The Court notes that Plaintiff has not provided any detailed account of his attempts to obtain a "front cuff only" medical chrono through administrative means. Although Plaintiff provides an exhaustive account of utilizing the administrative appeal system for other issues, Plaintiff fails to allege that he has attempted to file an administrative appeal requesting a "front cuff only" medical chrono, and Plaintiff does not allege whether he made informal attempts to request a "front cuff only" chrono. Absent proof that Plaintiff has no other avenues for relief, the balance of equities do not favor Plaintiff. Plaintiff fails to demonstrate that he is entitled to the injunctive relief he seeks.

With respect to Plaintiff's motion for "emergency review, ruling and decision," Plaintiff has presented no persuasive legal argument as to why his motion is entitled to expedited "emergency review." The Court will recommend that Plaintiff's motion be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order, filed on July 1, 2009, be DENIED; and

///

2. Plaintiff's motion for "emergency review, ruling and decision" of his motion for a temporary restraining order, filed on August 25, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 2, 2010**   /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE