# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. WOHL, | CASE NO. 1:03-cv-06921-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| GRAY DAVIS, et al., | (Doc. 14) |
| Defendants. | |

Plaintiff Stephen J. Wohl ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff also raises claims under the Americans with Disabilities Act and various claims under California state law. Plaintiff names James Yates, M. Davis, M. Mason-Wilson, J. Clark, R. Spradling, W. Williams, C. Duran, B. Flores, W. Fellows, R. Prokop, L. Repp, S. Kern, M. Perry, W. Oxborrow, B. Diep, B. Phi, F. Igbinosa, P. Shawd, J. Herrara, and C. Huckabay as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed for failing to state any claims upon which relief can be granted. Plaintiff will be given leave to file an amended complaint that cures the deficiencies identified by the Court.

**I.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
4 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

   **A.   Procedural Background**

Plaintiff initiated this lawsuit on December 24, 2003. (Doc. #1.) On May 26, 2009, the Court screened Plaintiff's complaint and dismissed it for failure to state any claims upon which relief can be granted. (Doc. #9.) The Court granted Plaintiff leave to amend his complaint. On July 1, 2009, Plaintiff filed an amended complaint. (Doc. #14.) This action proceeds on Plaintiff's July 1, 2009 amended complaint.

///

**B.     Factual Background**

Plaintiff's "first cause of action" claims that Defendants R. Spradling, M. Davis, C. Huckabay, and Does 1-10 violated Plaintiff's civil rights by double-celling Plaintiff. Plaintiff argues that sharing a small cell with another inmate constitutes "unlawful conditions of confinement" under the Eighth Amendment's Cruel and Unusual Punishments Clause. (Second Am. Compl. 2:10-21, ECF No. 14.) Plaintiff complains that he was confined to his cell for approximately 23 hours a day due to "[f]requent, regular and routine program lockdowns, program cancellations and/or program delays by reason of repeated custody staff 'training days' and custody staff 'shortage days. . . .'" (Second Am. Compl. 3:1-8, ECF No. 14.)

Plaintiff complains that he is "forced and compelled to live in the same cell with forced cellmates who are pure animals." (Second Am. Compl. 4:10-11, ECF No. 14.) Plaintiff states that he is disgusted "to the point of severe physical sickness and repeated, worsening and ever-continuing loss of appetite and the loss of the will and desire to live" because he is forced to live in the same cell with "societal 'garbage' and pure evil animals who inhabit human bodies." (Second Am. Compl. 4:20-5:1.) Plaintiff claims that "he has no mental illness and/or other mental problems but has been diagnosed by CDCR Psychologist/Psychiatrist staff personnel with 'prison non-adjustment disorder'" and was recommended for single-cell status. (Second Am. Compl. 5:2-4.) However, his single cell status was denied.  Plaintiff also complains that his cell mates are infected with life threatening diseases such as HIV, hepatitis, tuberculosis, Valley Fever, and herpes. Plaintiff alleges that he has been the repeated victim of violent in-cell physical attacks from his cell mates, causing serious physical and psychological injury. Plaintiff further alleges that his Jewish faith makes him a target of violence from white supremacists. Plaintiff also complains that his cell mates have stolen his personal property.

Plaintiff also alleges that his cell is unhygienic because his cell-mates wash themselves using the sink and leave their bacteria in the sink area. Plaintiff complains that his cell-mates wash their clothing in the toilet and rinse it out in the sink, causing further contamination. Plaintiff further complains that PVSP's toilet flushing policy is cruel and unusual. Plaintiff alleges that PVSP policy only permits a toilet to be flushed three times within a five minute period. Plaintiff complains that

3

1  if the toilet is flushed more than three times, it shuts down for an hour. Plaintiff further complains
2  that toilet shut downs cause repeated clogging and overflowing of the toilet. Plaintiff complains that
3  PVSP refuses to provide Plaintiff with supplies to clean the toilet and sink.
4        Plaintiff complains about several other issues regarding the conditions of his confinement
5  at PVSP. Plaintiff also complains that he is forced to eat canteen food purchases because he is
6  disabled and cannot walk the distance between his cell and the dining hall within the time allotted
7  for morning and evening meals. Plaintiff also complains that the ventilation system at PVSP blows
8  dirt and dust into his cell and does not adequately cool down his cell. Plaintiff complains that he
9  only has access to two electrical outlets in his cell.
10        Plaintiff complains that the medical treatment that he receives at PVSP is "incompetent and
11  severely deficient." (Second Am. Compl. 8:18-21.) Plaintiff alleges that he has serious permanent
12  disabilities. However, Plaintiff does not identify any risk to his health caused by the failure to
13  receive the treatment that he requested.
14        Plaintiff's "second cause of action" and "third cause of action" allege that Defendants M.
15  Davis, M. Mason-Wilson, J. Clark, R. Spradling, W. Williams, C. Duran, B. Flores, W. Fellows, R.
16  Prokop, L. Repp, S. Kern, M. Perry, W. Oxborrow, B. Diep, B. Phi, F. Igbinosa, P. Shawd, J.
17  Herrara, C. Huckabay and Does 1-10 violated Plaintiff's rights by forcing Plaintiff to work in "Office
18  Services" performing word processing and transcription duties and in "Prison Operations Support
19  Services" as a "cellblock porter/yard crew worker." (Second Am. Compl. 16:3-12.) Plaintiff
20  complains that he has severe disabilities that prevented him from working. Plaintiff complains that
21  he was subjected to disciplinary action such as "disciplinary C-Status placement," loss of dayroom,
22  loss of showers, loss of yard, loss of visitation, loss of telephone access, loss of law library access,
23  loss of "canteen," loss of quarterly packages, and exclusion from other programs and activities.
24  Plaintiff complains that Defendants violated his Eighth Amendment rights, the Americans with
25  Disabilities Act, and other laws.
26        Plaintiff's "fourth cause of action" alleges that Defendants B. Diep., B. Phi, F. Igbinosa, P.
27  Shawd, James Yates, C. Huckabay, and Does 1-10 violated Plaintiff's rights by denying Plaintiff
28  ///

medical treatment for his injuries and disabilities. Plaintiff claims that he required extra mattresses, pillows, and various chronos.

Plaintiff also raises several state law causes of action, such as causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, medical malpractice, assault, battery, negligence, trespass to chattel, conversion, and "fraud and misrepresentation relative to First Cause of Action, Second Cause of Action, Third Cause of Action and Fourth Cause of Action." (Second Am. Compl. 19:18-20:6.)

### III.    Discussion

####     A.    Eighth Amendment Claims

Plaintiff claims that his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment were violated by the conditions of his confinement at PVSP. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

///

1  "It is undisputed that the treatment a prisoner receives in prison and the conditions under
2  which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v.
3  McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and
4  unusual punishment protects prisoners not only from inhumane methods of punishment but also from
5  inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
6  Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and
7  personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions
8  of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and
9  unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S.
10 337, 347 (1981)).

11 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action
12 under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on
13 deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately
14 indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009)
15 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by
16 alleging that the failure to treat the plaintiff's condition could result in further significant injury, or
17 the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the
18 defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical
19 need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there
20 must be an objective risk of harm and the defendant must have subjective awareness of that harm.
21 Id.

22 Plaintiff's complaint exhaustively lists a number of issues with the conditions at PVSP,
23 ranging from violent cell mates to dirty cells. Notably, Plaintiff has not identified any specific injury
24 that he had actually suffered as a result of the unhygienic conditions at PVSP, and has not identified
25 any risk of injury that he may have suffered. Plaintiff only vaguely alleges that he suffered "physical
26 and psychological harm" as a result of the conditions at PVSP. Thus, it is unclear whether the
27 conditions alleged by Plaintiff were "sufficiently serious" to support a claim under the Eighth
28 Amendment.

Even assuming that the conditions alleged were severe enough to fall within the purview of the Eighth Amendment, Plaintiff has not alleged any facts to connect the named Defendants to the allegedly unconstitutional conditions of confinement. Plaintiff has not set forth any facts to suggest that any of the individuals named as Defendants caused the alleged unconstitutional conditions, were aware of the alleged unconstitutional conditions and chose to ignore them, or were otherwise personally involved in allegedly violating Plaintiff's constitutional rights. Plaintiff simply lists the names of officials who worked at PVSP and describes various deficiencies in the conditions at PVSP. Plaintiff never connects any of the named officials to those conditions. Therefore, there is nothing in Plaintiff's complaint that explains how each individual Defendant is liable for causing the allegedly unconstitutional conditions.

Further, Plaintiff has not alleged any facts to suggest that Defendants acted with deliberate indifference. In order to allege deliberate indifference, Plaintiff must allege facts that plausibly suggest that each Defendant was aware of a serious risk to Plaintiff's health or safety and deliberately ignored that risk. Plaintiff has not alleged any facts to explain how any of the named Defendants knew about any specific threat posed by Plaintiff's cell mates, any threat posed by the unhygienic conditions in Plaintiff's cell, or any threat posed by directing Plaintiff to work in "Office Services" or "Prison Operations Support Services." Nor has Plaintiff alleged any facts that explain how any Defendant was aware that the failure to provide the mattresses, chronos, or other forms of medical treatment would expose Plaintiff to a serious risk of harm. Thus, Plaintiff fails to state any claims against any of the Defendants named in his amended complaint.

### B.     Claims Under the Americans With Disabilities Act

Plaintiff claims that Defendants violated the Americans with Disabilities Act ("ADA") by disciplining Plaintiff for failing to perform his work assignments. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey,

1  524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy
2  v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  In order to state a claim of disability
3  discrimination under Title II, Plaintiff must allege four elements: (1) that Plaintiff is an individual
4  with a disability; (2) that Plaintiff is otherwise qualified to participate in or receive the benefit of
5  some public entity's services, programs, or activities; (3) that Plaintiff was either excluded from
6  participation in or denied the benefits of the public entity's services, programs, or activities, or was
7  otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or
8  discrimination was by reason of Plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th
9  Cir. 2002) (citing Weinrecih v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir.
10 1997).

11         Plaintiff fails to allege facts that support a claim under the ADA.  Plaintiff claims that he was
12 directed to work in "Office Service" and "Prison Operations Support Services."  He vaguely alleges
13 that he was somehow unable to perform his work assignment because he was severely disabled.
14 Plaintiff claims that as a result, he was disciplined for failing to perform his work assignment.
15 Plaintiff lost various privileges and lost access to various prison programs.  Thus, Plaintiff concludes
16 that he was excluded from the various privileges and prison programs by reason of his disability
17 because he was disciplined for failing to work and he failed to work because of his disability.

18         However, Plaintiff does not specify the nature of his disability.  Therefore, it is unclear
19 whether Plaintiff is "disabled" within the meaning of the ADA.  See 42 U.S.C. § 12102 (defining
20 the term "disability").  Plaintiff does not describe his work assignment.  It is unclear how his
21 disability prevented him from performing his work assignment.  Thus, Plaintiff fails to allege facts
22 to demonstrate how he was prevented from working "by reason of" his disability and how he was
23 disciplined "by reason of" his disability as a result.  Plaintiff's vague conclusions are not sufficient
24 to state a claim.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (pleading that offers labels and
25 conclusions or formulaic recitation of the elements of a cause of action not sufficient to state a
26 claim).
27 ///
28 ///

### C. State Law Claims

Plaintiff raises various state law claims. However, Plaintiff fails to link any individual Defendant to any conduct that would render them liable under any state tort cause of action. Plaintiff has not identified anything that any individual has done that caused the injuries that Plaintiff allegedly suffered. Plaintiff merely lists the names of various prison officials and describes various conditions at PVSP that allegedly caused physical and psychological harm to Plaintiff. Plaintiff cannot hold a prison official liable for his injuries without specifically identifying how that individual caused his injuries. The Court cannot evaluate Plaintiff's state law tort claims because he has not described any conduct by any individual Defendant that would render them liable for Plaintiff's injuries. Thus, Plaintiff fails to state any claims under California tort law.

## IV. Conclusion and Order

The Court has screened Plaintiff's amended complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require detailed factual allegations," "a complaint

9

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is cautioned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 28, 2010**               /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE